```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  LEON W. WEIDMAN
    AUSA, Chief, Civil Division
 3  ROBERT I. LESTER
    Assistant United States Attorney
 4  California State Bar No. 116429
         Room 7516, Federal Building
 5       300 North Los Angeles Street
         Los Angeles, California  90012
 6       Telephone: (213) 894-2464
         Facsimile: (213) 894-7819
 7       robert.lester@usdoj.gov

 8  Attorneys for Defendants
    Chief Justice John G. Roberts, Jr.; Associate Justices John Paul
 9  Stevens, Antonin Scalia, Anthony M. Kennedy, David Hackett
    Souter, Clarence Thomas, Ruth Bader Ginsburg, Stephen G. Breyer,
10  and Samuel Anthony Alito, Jr.; and United States District Judges
    Audrey B. Collins and Dean P. Pregerson
11
                      UNITED STATES DISTRICT COURT
12                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| GLENN HENDERSON, | ) NO. CV 07-7714-GPS |
| Plaintiff, | ) **NOTICE OF MOTION AND** |
| v. | ) **MOTION OF DEFENDANTS** |
|  | ) **CHIEF JUSTICE JOHN G.** |
| JOE HILBERMAN, ROGER BOREN, SONY | ) **ROBERTS, JR.; ASSOCIATE** |
| PICTURES, SCHMID & VOILES, PATRICIA | ) **JUSTICES JOHN PAUL** |
| COLLINS, JOEL CRITON, ANDREA LYNN | ) **STEVENS, ANTONIN SCALIA,** |
| RICE, LORNA PARNELL, LOS ANGELES | ) **ANTHONY M. KENNEDY, DAVID** |
| COUNTY, STATE OF CALIFORNIA, LOS | ) **HACKETT SOUTER, CLARENCE** |
| ANGELES COUNTY DISTRICT ATTORNEY'S | ) **THOMAS, RUTH BADER** |
| OFFICE, CALIFORNIA DEPARTMENT OF | ) **GINSBURG, STEPHEN G.** |
| JUSTICE, PETER GLICK, MICHAEL STERN, | ) **BREYER, AND SAMUEL ANTHONY** |
| UNITED STATES GOVERNMENT, CLINTON & | ) **ALITO, JR.; AND UNITED** |
| CLINTON, ESIS, EVE CODDON, HOLLY LAKE, | ) **STATES DISTRICT JUDGES** |
| JAMES ZAPP, AMY DOW, PAUL, HASTINGS, | ) **AUDREY B. COLLINS AND** |
| JANOFSKY, & WALKER, LLC, JOHN ROBERTS, | ) **DEAN P. PREGERSON** |
| ANTHONY KENNEDY, STEPHEN BREYER, | ) **TO DISMISS THE SECOND** |
| ANTONIN SCALIA, CLARENCE THOMAS, | ) **AMENDED COMPLAINT AND** |
| RUTH GINSBURG, SAMUEL ALITO, JOHN PAUL | ) **ACTION WITH PREJUDICE**; |
| STEVENS, DAVID SOUTER, RONALD GEORGE, | ) **MEMORANDUM OF POINTS AND** |
| CARLOS MORENO, JOYCE KENNARD, KATHRYN | ) **AUTHORITIES**. |
| WERDEGAR, MING CHIN, MARVIN BAXTER, | ) |
| CAROL CORRIGAN, LINDA LEFKOWITZ, LAPD, | ) DATE: Sept. 8, 2008 |
| CULVER CITY PD, US DOJ, AUDREY COLLINS, | ) TIME: 1:30 p.m. |
| DEAN PREGERSON, TERRY FRIEDMAN, JUDICIAL | CTRM: Hon. George P. |
| COUNCIL AND HEAD OF THE JUDICIAL COUNCIL | Schiavelli |
| AND ADMINISTER OF SECTION 391 LIST, | ) |
|  | ) PRETRIAL CONF.: None |
| Defendants. | ) TRIAL: None |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES:

PLEASE TAKE NOTICE that on September 8, 2008 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable George P. Schiavelli, United States District Judge, located at 312 North Spring Street, Los Angeles, CA 90012, defendants Chief Justice John G. Roberts, Jr.; Associate Justices John Paul Stevens, Antonin Scalia, Anthony M. Kennedy, David Hackett Souter, Clarence Thomas, Ruth Bader Ginsburg, Stephen G. Breyer, and Samuel Anthony Alito, Jr.; and United States District Judges Audrey B. Collins and Dean P. Pregerson (hereafter, "Judicial Defendants") will move for an order dismissing the second amended complaint and action with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

This motion is made on the ground that the Judicial Defendants are protected from suit by absolute judicial immunity.

This motion is based on this Notice of Motion and Motion, upon the Memorandum of Points and Authorities, and upon such arguments as the Court may allow at the time of the hearing.

The parties did not conduct a Local Rule 7-3 meet and confer because Plaintiff is in *pro se*.

DATED: August 7, 2008.          Respectfully submitted,

                                THOMAS P. O'BRIEN
                                United States Attorney
                                LEON W. WEIDMAN
                                Assistant United States Attorney
                                Chief, Civil Division

                                /s/ Robert I. Lester
                                ROBERT I. LESTER
                                Assistant United States Attorney

                                Attorneys for Judicial Defendants

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

I

**INTRODUCTION**

"Under well-settled precedent, [a plaintiff] may challenge . . . prior rulings only via appeal, not by suing the judges." In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam), cert. denied, 128 S.Ct. 1654, 170 L.Ed.2d 362 (2008). *Pro se* plaintiff Glenn Henderson is proceeding contrary to that "well-settled precedent." He is suing, among others, the Chief Justice of the United States, the eight Associate Justices, and two United States District Judges of this Court (the "Judicial Defendants"),[1] apparently pursuant to Bivens.[2]

Though somewhat difficult to follow, Mr. Henderson's lengthy pleadings[3] appear to arise out of Sony's termination of his employment, and the Superior Court's declaration of Mr. Henderson as a vexatious litigant. His claim(s) against the Judicial Defendants appear to arise out of his dissatisfaction with their rulings.

---

[1] Mr. Henderson also sued the "United States Government" and the United States Department of Justice ("DOJ"), as well as state court judges, and non-governmental defendants. The Court has already dismissed, among others, the United States and the DOJ.

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (permitting action against federal agents for damages resulting from violation of plaintiff's constitutional rights).

[3] Mr. Henderson's initial complaint was 214 pages. His amended complaint was 62 pages. His second amended complaint is 57 pages.

Mr. Henderson's federal litigation history is extensive:

1. <u>Henderson v. Sony Pictures Entertainment</u>, CV 02-6081-DDP;

2. <u>Henderson v. EEOC</u>, CV 03-3208-DDP;

3. <u>Henderson v. Seltzer</u>, CV 03-5431-RSWL, <u>aff'd</u>, 135 Fed.Appx. 934 (9th Cir. June 22, 2005);

4. <u>Henderson v. Office and Professional Employees International Union</u>, CV 03-8082-DDP, <u>aff'd</u>, 143 Fed.Appx. 741 (9th Cir. June 22, 2005), <u>cert. denied</u>, 548 U.S. 907, 126 S.Ct. 2944, 165 L.Ed.2d 955 (2006);

5. <u>Henderson v. Sony Pictures Entertainment</u>, CV 03-8782-ABC, <u>aff'd</u>, 135 Fed.Appx. 934 (June 22, 2005);

6. <u>Henderson v. United States</u>, CV 04-138-DDP;

7. <u>Henderson v. Sony Pictures Entertainment</u>, CV 04-1346-ABC;

8. <u>Henderson v. Sony Pictures Entertainment</u>, CV 04-8748-DDP, aff'd, ___ Fed.Appx. ___, 2008 WL 2951273 (9th Cir. Aug. 1, 2008);

9. <u>Henderson v. United States Government</u>, CV 05-1434-DDP;

10. <u>Henderson v. Robertson</u>, CV 05-5659-ABC, <u>appeal pending</u>, CA 05-56553;

11. <u>Henderson v. Sony Pictures</u>, CV 05-9000-DDP; and

12. <u>Henderson v. Local 174 Union</u>, CV 07-5100-PA, <u>appeal pending</u>, CA 08-55154.

1    As set forth below, the Court should dismiss the second
2 amended complaint and action as to the Judicial Defendants with
3 prejudice.  These defendants are protected from suit -- whether
4 for monetary or equitable relief -- by the doctrine of absolute
5 judicial immunity, because they are alleged to have performed
6 only "judicial" acts that did not occur in the "complete absence
7 of all jurisdiction."

                                II

                       **STATEMENT OF FACTS**[4]

10   The second amended complaint ("SAC") asserts that the
11 Judicial Defendants committed errors in making their decisions.
12 The most specific that Mr. Henderson gets regarding these
13 purported mistakes are at 12-13 and 26-27 and 50 of the SAC
14 (regarding Judges Collins and Pregerson).  The remainder is a
15 generalized rant.

---

[4]   This motion assumes the truth of the allegations in the second amended complaint, Libas Ltd. v. Carillo, 329 F.3d 1128, 1130 (9th Cir. 2003), as well as facts appropriately subject to judicial notice.  See United States ex rel. Robinson Rancheria Citizens Council v. Borr, 971 F.2d 244, 248 (9th Cir. 1992); Fed. R. Evid. 201(d).

—

III

**THE JUDICIAL IMMUNITY DOCTRINE PROTECTS JUDGES FROM SUIT FOR "JUDICIAL" ACTS THAT DID NOT OCCUR IN THE "COMPLETE ABSENCE OF ALL JURISDICTION"**

A. **Introduction**

Judges are absolutely immune from civil liability for damages for their judicial acts. Mireles v. Waco, 502 U.S. 9, 9-10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). In addition, federal judges are absolutely immune from claims for declaratory, injunctive or other equitable relief arising from their judicial acts. Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Atkinson-Baker & Associates, Inc. v. Kolts, 7 F.3d 1452, 1454 (9th Cir. 1993) (per curiam).

The doctrine of judicial immunity "is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Stump v. Sparkman, 435 U.S. 349, 364, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

Thus, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir. 1987). Judicial immunity applies to virtually any action taken by a judge in his

or her judicial capacity, "no matter how injurious in its consequences it may have proved to the plaintiff," <u>Moore</u>, 96 F.3d at 1243, and irrespective of the judge's claimed motivation. <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1012 (9th Cir. 2000). Judicial immunity is overcome only if the judge acts outside the judge's judicial capacity or in the "complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12; <u>Harvey</u>, 210 F.3d at 1012.[5]

B.  **The Judicial Defendants Are Alleged To Have Performed Only "Judicial" Acts**

The first part of the immunity inquiry is whether the second amended complaint alleges that any of the Judicial Defendants performed any "administrative" acts (as to which absolute immunity would not apply), as opposed to "judicial" acts (as to which immunity would apply).[6]

The Ninth Circuit has identified several factors to help determine whether an act is judicial or non-judicial in nature -- whether: (1) the act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and

---

[5] The entitlement to absolute judicial immunity may be determined based on allegations of the complaint. <u>See</u> <u>Moore</u>, 96 F.3d at 1243-44 (affirming Fed. R. Civ. P. 12(b)(6)). dismissal); <u>Mullis</u>, 828 F.2d at 1387 n.6.

[6] A plaintiff's conclusory allegations that the judge acted outside his or her judicial capacity are not enough to survive a motion to dismiss. <u>Lonneker Farms, Inc. v. Klobucher</u>, 804 F.2d 1096, 1097 (9th Cir. 1986).

(4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1133 (9th Cir. 2001); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 967 (9th Cir. 1999).

Applying this test, judges were held to have taken "judicial" rather than "administrative" acts even in the following circumstances:

1. Instruction to court officers to forcibly bring attorney into court. <u>Mireles</u>, 502 U.S. at 12-13.
2. Conspiracy between a judge and a lawyer to predetermine the outcome of a trial. <u>Moore</u>, 96 F.3d at 1244; <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).
3. *Ex parte* communication between a judge and a lawyer regarding cases over which the judge was presiding. <u>Seto v. McMahon</u>, 862 F. Supp. 255, 257 (C.D. Cal. 1994).
4. Decision to bar all courtroom spectators from the courtroom in divorce trials absent specific justification. <u>Simmons v. Conger</u>, 86 F.3d 1080 (11th Cir. 1996).
5. Denial of a litigant's motion to be provided a device to accommodate his severe hearing impairment. <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1133 (9th Cir. 2001).
6. Entry of default judgment against a party in a personal injury case who was unable to attend trial because he became a pretrial detainee in a later

prosecution.  <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).

In contrast to judicial acts, "[a]dministrative acts are, among others, those involved in supervising court employees and overseeing the efficient operation of a court," <u>Atkinson-Baker & Associates, Inc.</u>, 7 F.3d at 1454.  They are "actions which are significantly independent of the fact that the actor is a judge, such as the hiring or firing of staff members." <u>Partington v. Gedan</u>, 961 F.2d 852, 866 (9th Cir. 1992).  Applying these standards, judges were held to have taken "administrative" acts in connection with making personnel decisions.  <u>E.g.</u>, <u>Forrester</u>, 484 U.S. at 229 (judge not absolutely immune as to claim by former probation officer who asserted that she was demoted and discharged on account of her sex); <u>Meek</u>, 183 F.3d at 966-968 (judges not absolutely immune as to claim by former commissioner that he was constructively terminated in violation of the First Amendment).

In this action, Mr. Henderson does not allege that any Judicial Defendant performed any "non-judicial," "administrative" acts.  Instead, Mr. Henderson appears to disagree with the decisions that have been made in his cases.[7]  Even if Mr. Henderson were factually correct in his assertions of mistake or misconduct, however, the alleged acts constitute "judicial" acts, and therefore the first prong of the absolute judicial immunity is satisfied.

---

[7] As examples, Mr. Henderson states that Judges Collins and Pregerson "made mistakes" in their rulings.  SAC, 12.

C. **The Judicial Defendants Are Not Alleged To Have Acted In The "Complete Absence Of All Jurisdiction"**

The second part of the immunity inquiry is whether the alleged judicial acts of any Judicial Defendant were performed in the "complete absence of all jurisdiction." See Harvey, 210 F.3d at 1012. For purposes of judicial immunity, a complete absence of all jurisdiction means "a clear lack of subject matter jurisdiction." Mullis, 828 F.2d at 1389.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356; Crooks v. Maynard, 913 F.2d 699, 701 (9th Cir. 1990) ("[S]ince Judge Maynard had colorable authority to hold [Crooks] in contempt, he did not act in clear absence of all jurisdiction"). Courts are to examine the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13.

Judicial immunity does not disappear as to those acts taken "in excess" of the judges' authority, but only as to those acts taken in the complete absence of all jurisdiction. Id. Thus, for example, judges were held to not have acted in the "complete absence of all jurisdiction" (even if they acted in excess of their authority as judges) in the following circumstances:

    1. Authorization and ratification of police officer's use of excess force. Mireles, 502 U.S. at 13.

    2. Reactivation of a bench warrant only after the commission agreed to transfer the case to another judge. Franceschi v. Schwartz, 57 F.3d 828, 830-31 (9th Cir. 1995) (per curiam).

8

      3. A bankruptcy judge's actions after the debtor filed a notice of appeal. <u>Mullis</u>, 828 F.2d at 1388-89.

      4. The issuance of an *ex parte* order to destroy contraband at the request of the opposing party. <u>Harvey</u>, 210 F.3d at 1012.

      5. Decision to modify sentence to increase incarceration because of awareness of previous mistaken assumption of defendant's criminal record. <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1079 (9th Cir. 2006), <u>cert. denied</u>, 547 U.S. 1192, 126 S.Ct. 2864, 165 L.Ed.2d 896 (2006).

In this case, Mr. Henderson does not allege any facts suggesting that any Judicial Defendant acted in the "complete absence of all jurisdiction." His allegations indicate nothing more than his disagreement with the substance and manner of the Judicial Defendants' decisions rulings. In sum, Mr. Henderson's allegations do not suffice to support an absence of jurisdiction that would defeat the Judicial Defendants' immunity from suit.

### IV

### CONCLUSION

For the foregoing reasons, this Court should dismiss second amended complaint and action against the Judicial Defendants with prejudice.

DATED: August 7, 2008.

THOMAS P. O'BRIEN
United States Attorney

/s/ Robert I. Lester
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Judicial Defendants

9

**PROOF OF SERVICE BY MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On August 7, 2008, I served:

**NOTICE OF MOTION AND MOTION OF DEFENDANTS CHIEF JUSTICE JOHN G. ROBERTS, JR.; ASSOCIATE JUSTICES JOHN PAUL STEVENS, ANTONIN SCALIA, ANTHONY M. KENNEDY, DAVID HACKETT SOUTER, CLARENCE THOMAS, RUTH BADER GINSBURG, STEPHEN G. BREYER, AND SAMUEL ANTHONY ALITO, JR.; AND UNITED STATES DISTRICT JUDGES AUDREY B. COLLINS AND DEAN P. PREGERSON TO DISMISS THE SECOND AMENDED COMPLAINT AND ACTION WITH PREJUDICE**

on persons or entities named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing collection and mailing; it is deposited in the ordinary course of business within the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: August 7, 2008. Place of mailing: Los Angeles, California. Person(s) and/or Entity(is) To Whom Mailed:

    Glenn Henderson
    5952 Cliffdale Rd.
    Fayetteville, NC 28314

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

I declare that I am a member of the bar of this Court.

Executed on August 7, 2008 at Los Angeles, California.

                                        /s/_____
                                        ROBERT I. LESTER