JS - 6

NOTE: CHANGES MADE BY
THE COURT

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GLENN HENDERSON,

               Plaintiff,

    vs.

JOE HILBERMAN, et al.

           Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV07-7714 ODW
*Honorable Otis D. Wright II*
*Courtroom No. 11*

~~[PROPOSED]~~ **ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE; (2) GRANTING MOTIONS FOR ORDER DETERMINING PLAINTIFF A VEXATIOUS LITIGANT; ~~(3) GRANTING REQUEST FOR SECURITY~~; AND (4) ISSUING OF A PRE-FILING ORDER**

Complaint Filed:   November 27, 2007

1

1    The Motions by Defendants Sony Pictures Entertainment Inc., County of Los
2    Angeles, Office of the District Attorney for the County of Los Angeles and Peter Glick
3    for Order Determining Plaintiff a Vexatious Litigant and Requesting Security and
4    Issuing a Pre-Filing Order came for hearing before the Court on February 2, 2009.

5    At the same time, the Motions to Dismiss filed by Defendants Sony Pictures
6    Entertainment Inc., Paul, Hastings, Janofsky, and Walker LLP, Eve Coddon, Holly
7    Lake, James Zapp, Amy Dow, County of Los Angeles, Office of the District Attorney
8    for the County of Los Angeles, Peter Glick, and Attorney General Michael Mukasey
9    also came for hearing before the Court on February 2, 2009.

10   Having fully considered the papers filed by the parties and the argument of
11   counsel, and for the reasons set forth below, the Court finds that Defendants,
12   collectively, have sufficiently demonstrated that Plaintiff's litigation history in federal
13   court warrants GRANTING the Motion for Order Determining Plaintiff a Vexatious
14   Litigant, etc. as follows: (1) that Plaintiff Glenn Henderson be declared a vexatious
15   litigant pursuant to the authority vested in this court.  *See*, 28 U.S.C. § 1651; Fed. R.
16   Civ. P. Local Rule 83-8.1.; (2) that Plaintiff is prohibited from pursuing further
17   litigation against Defendant Sony Pictures Entertainment Inc., Paul, Hastings, Janofsky,
18   and Walker LLP, Eve Coddon, Holly Lake, James Zapp, Amy Dow, County of Los
19   Angeles, Office of the District Attorney for the County of Los Angeles, Peter Glick,
20   Rosen Saba, LLP and James R. Rosen, involving claims related to or arising out of
21   Henderson's former employment or litigations with Sony, without court order; and (3)
22   that Plaintiff be required to furnish security in the amount of $50,000 as a condition of
23   filing and pursuing any further proceedings against the aforementioned defendants
24   without a pre-filing review and approval by the Court.

25   ///
26   ///
27
28

[PROPOSED] ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE; (2)
GRANTING MOTIONS FOR ORDER DETERMINING PLAINTIFF A VEXATIOUS LITIGANT; (3) GRANTING
REQUEST FOR SECURITY; AND (4) ISSUING OF A PRE-FILING ORDER

1   Furthermore, for the reasons set forth below, the Court finds that Defendants

2 have sufficiently demonstrated that Plaintiff's Second Amended Complaint should be

3 dismissed in its entirety without leave to amend against the aforementioned Defendants.

4

5 **I.      THE BACKGROUND OF THIS ACTION**

6   The present dispute has a long history essentially growing out of and related to the

7 termination of Plaintiff's employment over seven years ago.

8   Plaintiff Glenn Henderson was hired by Columbia Pictures Television, Inc., Sony

9 Pictures Entertainment Inc.'s ("Sony") predecessor-in-interest, on August 31, 1998, as

10 a cash allocation clerk.  As such, Henderson was responsible for researching cash

11 receipts and allocating those receipts to the appropriate customer invoice.  According to

12 Sony, Henderson's performance at the company throughout his employment was

13 inconsistent and poor.  Henderson disagrees.

14   Henderson was terminated, effective October 18, 2001, after which he filed a

15 series of actions against his former employer alleging, *inter alia,* age discrimination,

16 retaliation, and general claims of wrongful termination.

17   On or about August 21, 2002, the parties reached a settlement agreement and, on

18 August 22, 2002, a request to dismiss the action with prejudice was filed and granted in

19 state and federal court.

20   Since that initial action, Henderson has filed a series of *pro per* (and/or *pro se*)

21 actions in state and federal court against a multitude of defendants, including the Equal

22 Opportunity Commission, Office and Professional Employees International Union

23 (OPEIU), Local 174, "The United States Government," The United States Department

24 of Justice ("DOJ"), numerous state court judges, the United States Attorney General, and

25 all nine Justices of the United States Supreme Court.  Paul, Hastings, Janofsky, and

26 Walker LLP, Eve Coddon, Holly Lake, James Zapp, and Amy Dow (collectively referred

27 to herein as the "Paul Hastings Defendants") were also named in subsequent lawsuits

28

3

filed by Henderson because of alleged wrongful actions taken against him during their representation of Sony.

It has been brought to the attention of the Court that Henderson has already been declared a "vexatious litigant" in California state court.  On September 19, 2005, in an action involving, *inter alia*, Sony and the Paul Hastings Defendants, and related to allegations stemming from Henderson's 2001 employment termination, Henderson was declared a vexatious litigant in state court, required to post a $10,000 security bond to proceed with his case, and prohibited from pursuing further litigation without court order, pursuant to California's vexatious litigant statute.  *See*, *California Code of Civil Procedure* §§ 391 - 391.7.  Having failed to post the requisite bond, the action was dismissed.

### A.   **Plaintiff's Current Claims**

Plaintiff now seeks redress for a variety of alleged injuries, and review of the constitutionality of California's vexatious litigant statute, in federal court.  In his Complaint, Henderson alleges a laundry list of civil and criminal violations including: "RICO [violations], CBA [Collective Bargaining Agreement] violations . . . Stalking. Extortion. Tried to frame me. . . Cover up. Aiding and abetting, leaving the scene of a crime. Scam. . . Threats. Like assault and battery . . . Attempted Manslaughter . . . Discrimination . . . torture . . . Assault and infliction of bodily harm or serious bodily harm.  Assault with a deadly weapon."  *See*, Second Amended Complaint ("SAC"), pages 8-9.

A detailed summary of Henderson's federal litigation history related to this matter and the disposition of those filings is discussed in greater detail, *infra,* Section 2(C) .  The record demonstrates Henderson has attempted to reassert and relitigate the same claims against these Defendants numerous times.

///

### B.     Procedural History

Plaintiff's original complaint was filed on November 27, 2007, and is 214 pages in length.

On or about April 1, 2008, Judge Schiavelli granted the Department of Justice's Motion for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(e).  Accordingly, on or about April 14, 2008, pursuant to that order, Henderson filed a First Amended Complaint, which is 62 pages in length.

On May 12, 2008, Judge Schiavelli, again, granted the Department of Justice's Motion for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(e).

On July 2, 2008, Judge Schiavelli granted the motion to dismiss filed by defendants United States and United States Department of Justice.

On July 18, 2008, Mr. Henderson filed the instant 57-page Second Amended Complaint.

On September 4, 2008, Judge Schiavelli dismissed, among others, the Chief Justice of the United States, the eight Associate Justices, and two United States District Judges.

On or about October 8, 2008, this matter was transferred to this Court, upon Judge Schiavelli's retirement.

On October 15, 2008, this court issued an order to show cause why the case should not be dismissed as to any unserved defendant.

On December 4, 2008, Sony's authorized agent received Mr. Henderson's Summons and Second Amended Complaint by hand service.

///

///

5

## II.     MOTION(S) TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

### A.     This Court Has Considered The Appropriate Factors Bearing on the Motion(s).

By the authority vested in the district courts, pursuant to 28 U.S.C. § 1651, this Court has the "inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999), *citing*, *De Long*, *supra*, 912 F.2d at 1147. *See*, also, *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct [like the filing of time-consuming and frivolous actions] which impairs their ability to carry out Article III functions.")

Among the restrictions that may be imposed on a litigant found to be vexatious, is a requirement that the litigant obtain the approval of a judge before being allowed to file an action.

Pursuant to its Local Rules, it is the policy of the U.S. District Court of the Central District for California "to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." *See*, Fed. R. Civ. P. Local Rule 83-8.1.

Similarly, when determining when a bond requirement order should issue:

> "the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require."

1 | *See*, Fed. R. Civ. P. Local Rule 83-8.2.

2 |     Any order mandating the posting of a security bond pursuant to Local Rule 83-8.2

3 | "shall be based on a finding that the litigant to whom the order is issued has abused the

4 | Court's process and is likely to continue such abuse, unless protective measures are

5 | taken." *See*, Fed. R. Civ. P. Local Rule 83-8.2.

6 |     Although it is not required, the Court may, "at its discretion, proceed by reference

7 | to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391

8 | - 391.7." *Id.*

9 |     The Ninth Circuit has held that before a plaintiff can be enjoined as a vexatious

10 | litigant, the court must find that: (1) the plaintiff had notice of the motion and an

11 | opportunity to be heard; (2) there was an adequate record for review showing that the

12 | litigant's activities were numerous or abusive; (3) the court has made substantive

13 | findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order

14 | has an appropriate breadth and is narrowly tailored to fit the specific vice encountered.

15 | *De Long v. Hennessey*, 912 F.2d 1144, 1147-1148 (9th Cir. 1990).

16 |     The Ninth Circuit later clarified the purpose of this "factor test" in *Molski v.*

17 | *Mandarin Touch Restaurant*, 500 F.3d 1047, 1057-1058 (9th Cir. 2007):

18 |     "The first two requirements, (1) notice and an opportunity to be heard and

19 |     (2) the creation of an adequate record, are *procedural considerations* - that is, the factors define '[a] specific method or course of action' that district

20 |     courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order. [Citation Omitted.]  The latter two factors,

21 |     requiring (3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are

22 |     *substantive considerations*- that is, the factors help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop

23 |     the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."

24 | 

25 | [Emphasis added.]

26 |     Furthermore, the court in *Molski* went on to state that, while it is true the five

27 | factors set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986),

28 | 

7

1  which are adopted and applied by the Second Circuit, have never been adopted by the
2  Ninth Circuit, they can be viewed as a helpful "tool for analyzing some of the
3  [substantive] factors we set forth in *De Long*." *Molski, supra*, 500 F.3d at 1057.

4      The five *Safir* factors are: (1) the litigant's history of litigation and, in particular,
5  whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive
6  in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether
7  the litigant has caused needless expense to other parties or has posed an unnecessary
8  burden on the courts and their personnel; and (5) whether other sanctions would be
9  adequate to protect the courts and other parties. *Id.*

10

11      **B.    Plaintiff Was Given Notice and Afforded an Opportunity**
12              **to be Heard.**

13      Plaintiff was given adequate notice pursuant to the Notice(s) of Motion, which
14  were filed and served concurrently with Defendants' present Motions.  Similarly,
15  Henderson was afforded an opportunity to be heard both in filing an Opposition to the
16  motion(s) which, despite its excessive length, was read and considered by the Court, and
17  in oral argument, despite the fact that Henderson failed to appear on the date the motion
18  was heard by the Court.

19      Henderson's arguments were fully considered by the Court and Henderson was
20  afforded an opportunity to be heard on the motions.  Henderson's due process rights
21  have been fully satisfied.

22

23      **C.    Defendants Have Provided an Adequate Record for Review Detailing**
24              **the Harassing Nature of Plaintiff's Litigations.**

25      Plaintiff has demonstrated a pattern of abusing the court system by filing
26  complaints alleging injuries without factual support and asserting causes of action
27  without basis in law.  "An adequate record of review should include a listing of all the

28

1 cases and motions that lead the district court to conclude that a vexatious litigant order
2 was needed." *De Long*, *supra*, 912 F.2d at 1147.

3     In an attempt to create a complete and adequate record for review detailing
4 Plaintiff's abuse of the federal court system, the following presents a summary of the
5 contents of Henderson's prior federal filings and the disposition of those cases[1]:

6        1.    *Henderson v. Sony Pictures Entertainment*, CV 02-6081-DDP:

7     Henderson's employment discrimination and wrongful termination claims were
8 voluntarily dismissed with prejudice by plaintiff, pursuant to a settlement agreement
9 between Sony and Henderson. *See*, Exhibit 1 to Sony's Motion to Declare Plaintiff a
10 Vexatious Litigant, 8/22/02 Notice of Dismissal.

11

12        2.    *Henderson v. EEOC*, CV 03-3208-DDP:

13     Henderson's claims against the Equal Employment Opportunity Commission
14 ("EEOC") for alleged negligence in processing his employment discrimination claim was
15 dismissed without leave to amend by the Honorable Dean D. Pregerson on the basis that
16 he failed to exhaust his administrative remedies and because, even if he had, his claims
17 against the EEOC were barred as a matter of law. *See*, Exhibit 2 to Sony's Motion to
18 Declare Plaintiff a Vexatious Litigant, 10/24/03 Order Granting Defendants' Motion to
19 Dismiss.

20

21        3.    *Henderson v. Seltzer*, CV 03-5431-RSWL, *aff'd*, 135 Fed.Appx. 934
22                  (9th Cir. June 22, 2005):

23     Henderson's malpractice and discrimination claims against his doctor in a workers'
24 compensation case were dismissed for lack of subject matter jurisdiction because
25 Henderson failed to allege facts sufficient to show either a federal question, pursuant to

26     _____

27        [1]/ It should be noted that a number of these federal cases began in state court and were
later removed to federal court.

28

28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).  *See*, Exhibit 3 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 7/14/05 Judgment Affirming District Court Dismissal and Unpublished Opinion.

       4.    *Henderson v. Office and Professional Employees International Union*, CV 03-8082-DDP, *aff'd*, 143 Fed. Appx. 741 (9th Cir. June 22, 2005), cert. denied, 548 U.S. 907, 126 S.Ct. 2944, 165 L.Ed.2d 955 (2006):

Henderson's claims were dismissed in their entirety on a number of grounds, including:  (1) his duty of fair representation claim against his union was barred by the applicable statute of limitations; (2) his claim for negligent infliction of emotional distress was preempted by the Labor Management Relations Act of 1947 ("LMRA"); (3) his claim for defamation was preempted by the LMRA; (4) his claim for conspiracy to commit fraud was preempted by the LMRA; (5) his claim that the union engaged in unfair business practices was properly dismissed because the claim required an analysis of the collective bargaining agreement; (6) his discrimination and retaliation claims were properly dismissed because they failed to state a claim; (7) his claim for a hostile work environment was properly dismissed because he failed to state a claim; (8) his claim of conspiracy was properly dismissed because he failed to state a claim; (9) his claim for intentional infliction of emotional distress was properly dismissed because he failed to allege that the conduct defendants engaged in was extreme and outrageous as a matter of law; (10) his First Amendment claim was properly dismissed because defendants were not state actors; and (11) his claim under 5 U.S.C. § 552(a)(4)(B) of the Freedom of Information Act was properly dismissed because defendants are not "agencies" and therefore cannot be held liable under the FOIA.  *See*, Exhibit 4 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 10/17/05 Judgment Affirming District Court Dismissal and Unpublished Opinion.

10

5.     *Henderson v. Sony Pictures Entertainment*, CV 03-8782-ABC, *aff'd*, 135 Fed.Appx. 934 (June 22, 2005):

Henderson's claims were dismissed in their entirety on a number of grounds, including:  (1) his First Amendment claim against Sony failed because Henderson did not allege that defendants were state actors; (2) his claim under 5 U.S.C. § 552(a)(4)(B) of the Freedom of Information Act ("FOIA") failed because defendants are not "agencies" and therefore cannot be held liable under the FOIA; (3) his discrimination and retaliation claims were properly dismissed because they concern events that occurred after Henderson was terminated from his employment; and (4) the District Court did not abuse its discretion in dismissing Henderson's pendant claims asserted under state law.  *See*, Exhibit 5 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 4/12/04 Order Granting Defendants' Motion to Dismiss & 7/18/05 Judgment Affirming District Court Dismissal and Unpublished Opinion.

6.     *Henderson v. United States*, CV 04-138-DDP:

Henderson's claims of: (1) failure of government agencies to assist him in his discrimination claims against Sony, (2) improper handling of his complaint (coercion), harassment, and insult by the assigned mediator, and (3) defamation against the EEOC for statements contained in a letter he received from EEOC representatives, were dismissed in their entirety pursuant to the doctrine of *res judicata*.  *See*, Exhibit 6 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 3/10/04 Order Granting Defendants' Motion to Dismiss.

7.     *Henderson v. Sony Pictures Entertainment*, CV 04-1346-ABC:

This action was consolidated with above-mentioned Case No. CV 03-8782-ABC. Henderson's claims were dismissed in their entirety on the same grounds, in an identical order issued by the District Court as to both cases.  *See*, Exhibit 7 to Sony's Motion to

11

1  Declare Plaintiff a Vexatious Litigant, 4/12/04 Order Granting Defendants' Motion to
2  Dismiss.

3

4          8.    *Henderson v. Sony Pictures Entertainment*, CV 04-8748-DDP,
5                *aff'd*, 288 Fed.Appx. 387 (9th Cir. Aug. 1, 2008):

6          The Ninth Circuit affirmed the District Court Order, holding:  (1) Henderson's
7  Title VII claims that arose during his employment with Sony were barred by the terms
8  of the settlement agreement that resolved his prior action; (2) the District Court was
9  within its discretion in dismissing with prejudice employee's Title VII claims that arose
10 after settlement agreement was signed, since Henderson already litigated those causes
11 of action in his 2003 Complaint, and since his appeal was pending in the Ninth Circuit
12 when the District Court dismissed the case; (3) the District Court properly dismissed
13 without prejudice Henderson's Title VII claims that were based on allegations unrelated
14 to his prior action against Sony because he had failed to first exhaust his administrative
15 remedies; and (4) the District Court properly dismissed with prejudice employee's Title
16 VII claims against defendant bank.  *See*, Exhibit 8 to Sony's Motion to Declare Plaintiff
17 a Vexatious Litigant, 6/20/05 Order Granting Motions to Dismiss & Unpublished
18 Opinion Affirming District Court Dismissal.

19

20          9.    *Henderson v. United States Government*, CV 05-1434-DDP:

21         Henderson's claims against the United States Government were dismissed for
22 lack of prosecution and for failure to comply with the orders of the Court.  Henderson
23 failed to show cause, in writing, why the action should not be dismissed.  *See*, Exhibit
24 9 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 9/07/05 Order of
25 Dismissal.
26 ///
27 ///
28                                      12

10. *Henderson v. Robertson*, CV 05-5659-ABC; *aff'd*, - Fed.Appx. -, 2008 WL 4185988 (9th Cir. Sept. 9, 2008):

Henderson's claim against a hospital, and an individual identified only as "Dr. Robertson," for a surgery performed on him "when he was five years old, in 1959 or 1960[,]" was barred by the applicable statute of limitations.  *See*, Exhibit 10 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 9/06/05 Order Dismissing Plaintiff's Complaint & Unpublished Opinion Affirming District Court Dismissal.

11. *Henderson v. Sony Pictures*, CV 05-9000-DDP:

Plaintiff filed a one-page complaint against "Sony and a John or Jane Doe" for "Retaliation and Defamation," asserting that Sony prevented plaintiff "from getting a good reference[.]" The action was dismissed without prejudice; the district court having declined to exercise supplemental jurisdiction over the defamation claim.  *See*, Exhibit 11 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 3/16/06 Order Dismissing Case.

12. *Henderson v. Local 174 Union*, CV 07-5100-PA, appeal pending, CA 08-55154:

This action was dismissed with prejudice by the District court upon its finding that Henderson's claims were barred by the doctrine of *res judicata*.  Henderson was found to have twice previously sued the Union on essentially the same claim of inadequate representation in his termination with Sony.  Each of those cases were resolved against Henderson on the basis that the claims were barred by the applicable statute of limitations and preempted by the LMRA.  *See*, Exhibit 12 to Sony's Motion to Declare Plaintiff a Vexatious Litigant, 12/21/07 In Chambers - Court Order.

///

///

13

**D.     Applying the *Safir* Factors Shows the Frivolous and Harassing Nature of Plaintiff's Litigations.**

Before issuing a pre-filing injunction against a *pro se* plaintiff, a district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, *supra*, 912 F.2d at 1148.   Application of the *Safir* factors demonstrates Plaintiff has a history of filing frivolous and harassing lawsuits against Defendants.

**1.     *The Plaintiff's History of Litigation.***

A review of Henderson's state and federal litigation history shows a tendency to file complaints without factual support and without a basis in law.   Plaintiff's complaints are often rambling and incomprehensible rants against a multitude of defendants without basis for a remedy at law beyond a personal belief that "justice" for him has been denied.   In fact, the majority of Henderson's complaints have been dismissed on the grounds that:  1) his asserted claims are barred as a matter of law, 2) his complaint "fails to state a claim" pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), or 3) he failed to prosecute the claim.  Plaintiff's federal litigation history reflects a pattern of filing baseless and unsupportable claims.

By alleging any and all conceivable civil and criminal wrongs in his complaints, by failing to support those claims in court, and by reasserting the same claims after having lost on those claims previously, Henderson's past lawsuits have been shown to be frivolous, vexatious, and harassing.

**2.     *The Litigant's Motive in Pursuing the Litigation.***

The record before the court reflects Plaintiff's unwillingness or inability to comply with a basic rule of federal procedure requiring plaintiff to file a coherent complaint with a cognizable basis for recovery.  Since 2002, Henderson has sued Sony

14

*seven times* in federal court alone, each time asserting baseless claims and telling a disconnected and disoriented story about abuses suffered at the hands of governmental entities, federal and state judges (including all current members of the US Supreme Court), attorneys, and/or private individuals and businesses. While Henderson has made clear he believes all these entities are, at least in large part, to blame for his misfortunes, he has provided no evidence or facts to support a good faith belief that he should or would prevail on any of these claims.

Moreover, since the resolution of the 2002 lawsuit, Plaintiff has filed *more than twenty-one* total lawsuits, between state and federal courts, against Sony, the Paul Hastings Defendants for their representation of Sony, the judicial officers who have presided over his each of his actions, the California Court of Appeal, the United States Supreme Court, and various other defendants.

Having attempted to litigate many of these issues in federal and state court against the same parties many times before, and having lost on those issues previously, this Court finds that Henderson is bringing these suits against Defendants merely to annoy and harass them.

### 3. *Whether Litigant is Represented by Counsel.*

Henderson's suits are always brought in *propria persona*. While it is true that courts are generally protective of *pro se* litigants, *Molsi, supra,* 347 F.Supp. 2d at 866, flagrant abuse of the judicial process cannot, and will not, be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *De Long*, *supra*, 912 F.2d at 1148.

Because Henderson has a history of filing complaints without basis in law, and has developed a pattern of refiling the same or similar claims even after a court has ruled against him, permitting him to pursue this practice would only result in continued waste of precious judicial time and resources.

[PROPOSED] ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE; (2) GRANTING MOTIONS FOR ORDER DETERMINING PLAINTIFF A VEXATIOUS LITIGANT; (3) GRANTING REQUEST FOR SECURITY; AND (4) ISSUING OF A PRE-FILING ORDER

4.      *Whether Litigant Has Caused Needless Expense to Other Parties or Has Posed an Unnecessary Burden on the Courts.*

Plaintiff has forced Defendants to appear and respond to baseless and incomprehensible complaints resulting in a needless waste of time, money, and public judicial resources.  Conversely, when instructed in the past by the Court to appear or respond in writing and explain why he believes his asserted claims have merit, Henderson has, more often than not, failed to appear or respond, resulting in further waste of time, money, and effort on behalf of all parties involved.  While the Court has typically dismissed those undefended claims without prejudice, when given the opportunity to amend, Henderson has simply refiled a nearly identical, baseless complaint, forcing Defendants and the Court to begin the costly process anew.

Since Henderson's history of meritless and harassing litigation has caused needless expense and waste of private and judicial resources, the Court finds the Second Amended Complaint should properly be dismissed with prejudice.

5.      *Whether Other Sanctions Would Be Adequate to Protect the Courts and Other Parties.*

Henderson has made it abundantly clear that he has no intentions of stopping this parade of harassing lawsuits.  In the concluding remarks of his Second Amended Complaint, Henderson states:

> "I will never stop fighting until I get justice and get my name off [California's vexatious litigant list] and get rid of that list and see the corrupt people get sufficiently punished or until the day I die. . . That is calling me an abuser of the courts, an American constitutional right.  That is the government calling me that.  That is saying I am intentionally abusing some else's [sic] constitutional rights.  This stuff is saying I am un-American.  That is something I will fight until I get justice or die."

*See* SAC, page 48.

Henderson has made it clear that nothing will stop him from freely asserting what

16

he believes to be his absolute constitutional right to unfettered access to the federal courts.   Accordingly this Court finds it both appropriate and necessary to take extraordinary steps to curb Henderson's growing affinity for filing frivolous lawsuits. The Court finds other sanctions will not be adequate to protect the courts and other parties from further frivolous lawsuits because Henderson's litigation history shows it has not been so.

Plaintiff's practice in federal court has been to file numerous complaints in several venues.  When adverse decisions have been rendered against Plaintiff, appeals were taken, but, eventually, judgments against Plaintiff were affirmed.   Sometime subsequent to those determinations, Plaintiff added new claims to old claims, (re-)filed "new" complaints, and the process began anew.  This Court finds it appropriate and necessary to break the cycle.  Plaintiff has had a fair opportunity to be heard on more than one occasion.

### E.    This Order is Narrowly Tailored to the Specific Vice Encountered.

Any potential order needs to be "narrowly tailored to closely fit the specific vice encountered." *De Long, supra*, 912 F.2d at 1148.  The Ninth Circuit has found an order preventing a litigant from filing *any* suit in a particular district court to be overbroad. *Id.*  On the other hand, an order preventing a party from filing actions under Title III of the Americans with Disabilities Act was found to be appropriate, because it "cover[ed] only the type of claims the [litigant] had been filing vexatiously." *Molski, supra*, 500 F.3d at 1061.

The requested pre-filing order is appropriately narrow:  Plaintiff shall be prohibited from pursuing further litigation against Defendant Sony Pictures Entertainment Inc., Paul, Hastings, Janofsky, and Walker LLP, Eve Coddon, Holly Lake, James Zapp, Amy Dow, County of Los Angeles, Office of the District Attorney for the County of Los Angeles, Peter Glick, Rosen Saba, LLP and James R. Rosen,

17

involving claims related to, or arising out of, Henderson's former employment or litigations with Sony, without a court order.

This order is narrowly tailored because it does not prevent Henderson access to the federal courts; he can still sue other defendants who have not yet sought a pre-filing order. It does not even prevent him from filing a suit against the named Defendants in federal court, in the future, on unrelated claims. This pre-filing order only applies to a *particular* area of litigation and involving *specific* parties, where Henderson's allegations and conduct has been shown to be abusive, harassing, redundant, and patently without merit.

Moreover, the order <u>does not</u> completely prevent Henderson from bringing claims against Defendants related to his prior employment or prior litigations involving Sony, it merely subjects such a complaint to an *initial screening review by a district judge*. If, upon review, the judge finds the claims are not frivolous and have potential merit, Henderson will be permitted to proceed.

As such, the requested order is appropriately narrowly tailored to address only Henderson's past pattern of wrongful and abusive conduct.

## III.   MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

As previously discussed, Plaintiff's Second Amended Complaint lists a host of unsupported alleged violations of both civil and criminal law, including: RICO violations, Collective Bargaining Agreement violations, stalking, extortion, "Tried to frame me. . . Cover up. Aiding and abetting, leaving the scene of a crime," assault and battery, attempted manslaughter, and torture, to name only a few. The central premise of Henderson's Second Amended Complaint is that he believes he was treated unfairly by "Companies, law firms, and state and federal governments [who] did no [sic] do their jobs of hiring, supervising, and training these employees, lawyers and judges." *See*, SAC, page 8.

1    Moreover, the bulk of the Second Amended Complaint is a generalized and
2  repetitive rant about the failures of the justice system to provide *pro se* litigants enough
3  assistance to bring and prosecute their civil claims in court and the alleged
4  unconstitutionality of California's vexatious litigant statute.

5    Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) a defendant may seek
6  to dismiss a complaint which "fail[s] to state a claim upon which relief can be granted."
7  In determining whether a party states a claim for relief, a Court "is not required to
8  accept legal conclusions cast in the form of factual allegations if those conclusions
9  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*,
10 18 F.3d 752, 754-55 (9th Cir.1994) [Internal citations omitted.]  "The court need not,
11 however, accept as true allegations that contradict matters properly subject to judicial
12 notice or shown by exhibit.  Nor is the court required to accept as true allegations that
13 are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
14 *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) [Internal citations
15 omitted.]

16    Dismissal is proper where a complaint is vague, conclusory, general, or fails to
17 set forth any material facts in support of the allegations.  *See*, *North Star Intern. v.*
18 *Arizona Corp. Comm'n,* 720 F.2d 578 (9th Cir. 1983).  If dismissal is proper, leave to
19 amend may be denied where it is clear a complaint cannot be saved by any amendment.
20 *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005).

21    Despite his having made a multitude of claims against the abovementioned
22 Defendants, albeit in vague and general terms, Plaintiff fails to state even minimal facts
23 which support any of his claims for relief.  Twice before, Plaintiff has been instructed
24 by the Court to both clarify and provide factual support for his allegations.  Plaintiff has
25 failed to do so.  When it is clear a claim for relief cannot be cured by amendment, it
26 should be dismissed without affording the plaintiff leave to amend.  *Lucas v. Dept. of*
27 *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

28

Plaintiff has alleged claims without a supported basis in legal theory (i.e., "insult," "adversely affected my relationships," "tried to frame me," and "scam"), has asserted claims barred as a matter of law,[2] and has simply failed to identify or plead any facts to support any elements of his alleged claims. *See*, SAC, pages 8-9. Plaintiff has been afforded numerous opportunities to remedy these previously identified deficiencies in his complaint. Since it is clear Plaintiff is either unable or unwilling to amend his complaint to plead basic facts that would entitle him to relief, his Second Amended Complaint as against the remaining Defendants is dismissed with prejudice.

## IV.   ORDER OF THE COURT

For the foregoing reasons, the Court GRANTS Defendants' motions to Declare Plaintiff a Vexatious Litigant as follows:

(1) that Plaintiff Glenn Henderson be declared a vexatious litigant pursuant to the authority vested in this court.  See, 28 U.S.C. § 1651; Fed. R. Civ. P. Local Rule 83-8.1.;

(2) that Plaintiff is prohibited from pursuing further litigation against Defendant Sony Pictures Entertainment Inc., Paul, Hastings, Janofsky, and Walker LLP, Eve Coddon, Holly Lake, James Zapp, Amy Dow, County of Los Angeles, Office of the District Attorney for the County of Los Angeles, Peter Glick, Rosen Saba, LLP and James R. Rosen, involving claims related to or arising out of Henderson's former employment or litigations with Sony, without court order; and

~~(3) that Plaintiff be required to furnish security in the amount of $50,000.00 as a pre-condition of filing and pursuing any further proceedings against the~~

---

[2]/ For example, many of Henderson's asserted claims are barred under the doctrine of *res judicata*. Additionally, because Henderson's past and present allegations against attorney defendants relate only to pleadings filed in court, or to statements made in court or in connection with litigation, the attorney defendants are immune from suit, pursuant to California's litigation privilege. *See*, Cal. Civ. C. § 47(b).

1   ~~aforementioned defendants without a pre-filing review and approval by the Court~~.

2        For the foregoing reasons, the Court also GRANTS Defendants' Motions to

3   Dismiss Plaintiff's Second Amended Complaint with prejudice, pursuant to Federal

4   Rule of Civil Procedure 12(b)(6) for Failure to State a Claim.

5

6

7   IT IS SO ORDERED.

8

9   DATED: February 11, 2009                    _____

10                                              The Honorable Otis D. Wright II
                                                United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~[PROPOSED]~~ ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE; (2) GRANTING MOTIONS FOR ORDER DETERMINING PLAINTIFF A VEXATIOUS LITIGANT; ~~(3) GRANTING REQUEST FOR SECURITY~~; AND (4) ISSUING OF A PRE-FILING ORDER